Dtxreee, C. J.
 

 The complainants and tbe defendants are owners of adjoining estates on the west bank of Providence River. Tbe complainants bring this suit to get their water front defined as against tbe -defendants, and to get it protected from encroachments by injunction. Tbe estates lie within a harbor line established in 1855, beginning far above and extending considerably below the estates. This line runs down tbe river without any change of direction to a point near its end, where it turns outward at a slight angle. It terminates near the base or spur-of a projecting headland, which makes a deep elbow in the shore, penetrated by an irregular cove or inlet. That “'portion of the shore which belongs to the complainants is slightly elongated by its curvature. The shore above has been filled and improved to a very considerable extent, and in many places completely out to the harbor line.
 

 The complainants claim a frontage on the harbor line proportionate to- their shore line. If they are so entitled, the other proprietors within the harbor line are likewise so entitled, other things being equal; and it follows that their water front cannot be determined without simultaneously determining every other water front, for every front will be affected by irregularities of the shore either abpve or below it. For example: under the rule contended for, the proprietor of the elbow in the shore, having a long shore line, will be entitled to a long frontage which will swing the dividing line between him and the next proprietor aslant, and the result will be a corresponding obliquity on all the water fronts and dividing lines above it. And so any considerable curvature or indentation anywhere will have similar effects. ,
 

 The rule invoked by the complainants is a rule borrowed from a work on the civil law, which was applied by the Supreme Judicial Court- of Massachusetts to the apportionment of alluvion in the bend of an innavigable river.
 
 Deerfield
 
 v.
 
 Arms,
 
 17 Pick. 41. The rule has been approved as a rule for the apportionment of alluvion in New York and in the Supreme Court of the United States.
 
 O'Donnell
 
 v.
 
 Kelsey,
 
 10 N. Y. 412, 415 ;
 
 Nott
 
 v.
 
 Thayer,
 
 
 *374
 
 2 Bosw. 10 ;
 
 Johnston
 
 v.
 
 Jones,
 
 1 Black, 209. It has also been applied, but not invariably, to tbe apportionment of tide-flowed flats lying in a cove or littoral recess, among tbe owners of tbe upland.
 
 Rust
 
 v.
 
 Boston Mill
 
 Corporation, 6 Pick. 158;
 
 Wonson
 
 v.
 
 Wonson,
 
 14 Allen, 71, 85;
 
 Delaware, Lack. West. R. R. Co.
 
 v.
 
 Hannon,
 
 37 N. J. Law, 276. In
 
 Cray
 
 v.
 
 Deluce,
 
 5 Cush. 9, flats lying in a shallow cove were divided among tbe owners of the upland by drawing parallel lines from the ends of the division lines of the upland at right angles with a base line across the mouth of the cove. This rule seems to have met with approval in
 
 Stockham
 
 v.
 
 Browning,
 
 18 N. J. Eq. 391. In
 
 Atty. Gen.
 
 v.
 
 Boston Wharf Co.
 
 12 Gray, 553, 558, the court say that, “ in general, where there are no circumstances or peculiarities in the formation of the shore or the course of the channel, the lines of division are to be made to the channel in the most direct course from the lateral boundaries of the several tracts of upland to which the flats are appended.” We are not advised that any rule has ever been laid down for a case like the one at bar.
 

 The problem here is to define water fronts in regard to a harbor line, not to divide flats or alluvion. The establishment of a harbor line, we have held, amounts to an implied permission to the riparian proprietors within it to fill out to it. The question is, how fill out to it? We answer, fill straight out to it. The owners of the upland are impliedly permitted to carry the upland forward to the harbor line so that each owner will occupy the part which is abreast his own land. There may be exceptional cases where the shore or the harbor line is so peculiar that permission to fill straight out cannot be implied. Perhaps it cannot be implied at the elbow which we have mentioned in the shore, where the harbor line diverges from a direct course; if there are several estates there, it cannot. The mode of filling in that case must be varied. But the variation ought to be limited by the necessity for it. It would be impracticable now, after so many fronts have been filled, to allow it to affect the apportionment along the whole harbor line, even if originally it would have been right and expedient. We do not perceive that it will be necessary to allow it to have any effect on the decision of the case at bar, the elbow in the shore being considerably below the estate in controversy. It follows that the dividing line between
 
 *375
 
 tbe water fronts here, in case tbe parties have not established one for themselves, 4is a line drawn from the shore end of the dividing line of the upland to the harbor line so as to intersect it at right angles. This rule is analogous to the rule laid down in
 
 Gray
 
 v. Deluce, and to the rule applied by us in
 
 Thornton
 
 v.
 
 Grant,
 
 10 R. I. 477, 487, to the ascertainment of water fronts where no harbor line existed. It has the great recommendation of simplicity of application.
 

 The complainants claim that an error vas committed in running the dividing line of the upland, by which several feet of their land along the shore was given, to the defendants, who have since gained title to it by possession. The complainants do not claim that this error can be corrected for the upland, but they contend that it can be for the water front, for the reason that the defendants could gain no title by possession of the water front until reclaimed. We do not think the argument is sound. The mere establishment of a harbor line does not divest the title of the State and transfer it to the owner of the upland. It merely permits the owner of the upland to take by filling. In the absence of any estoppel, the ownership of the upland will draw after it the permission to fill, as well when the ownership is acquired by adverse possession as when it is acquired in any other manner.
 

 The defendants claim that the parties or their predecessors in title have defined the fronts for themselves by continuing the dividing line of the upland, without change, of direction, out to the harbor line. This would give the defendants a longer frontage. In support of this claim they rely upon a deed of partition executed by two ancestors in title of the parties respectively under date of December 10, 1832. We have examined this deed, and though it describes the land as bounded “ easterly by the channel,” but with the additional words “ of however otherwise,” yet we think it is apparent that the upland alone was included in the partitionment. It is apparent from the fact that the dividing line is described as a line running from a given point “ easterly in a straight line to a point twenty-four and a half rods from the northeast corner thereof,
 
 i. e.
 
 of the lot, and extending the whole length of said lot; ” and the northeast corner of the lot, taking the channel as the eastern, boundary, is an uncertain
 
 *376
 
 point, which could not in any reasonable way be so fixed as to give the defendants what they claim, either of the upland or of the water front.
 

 Tillinghast My,
 
 for complainants.
 

 G. S. G. Bradley,
 
 for respondents.
 

 The defendants also rely on a judgment entered in 1856, in an action of partition between the complainants or their ancestors in title. In that case the plat which is referred to and made a part of the record, represents the water front of the complainants as bounded towards the defendants by the dividing line of the upland prolonged. We do not see how the defendants, who are strangers to this judgment, can have the benefit of it by way of estoppel, there being no evidence that they have acted upon it with the acquiescence of the complainants, so that it would now be inequitable for the complainants not to hold themselves bound by it.
 

 A decree may be framed in accordance with this opinion.
 

 Decree
 
 accordingly.